AFFIRM; Opinion issued November 14, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00364-CR

LESLIE THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-00114-SW

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice FitzGerald

A jury found appellant Leslie Thompson guilty of aggravated assault. The jury assessed his punishment at fifty years' confinement. In a single issue, appellant contends the evidence is insufficient to support his conviction. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled. We affirm the trial court's judgment.

Appellant was charged after he stabbed another inmate, Jerome Hobbs, while both men were inmates in the Dallas County jail. Appellant challenges the sufficiency of the evidence supporting his conviction, contending he stabbed Hobbs in self-defense. By finding appellant guilty, the jury

implicitly rejected his claims of self-defense. *See Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). When an appellant challenges the legal sufficiency of the rejection of a defense, we view all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found (a) the essential elements of the charged offense beyond a reasonable doubt and (b) against appellant on the defense beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). Thus, in this case we must view all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found (a) the essential elements of aggravated assault beyond a reasonable doubt and (b) against appellant on self-defense beyond a reasonable doubt. *See id.* We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).

Appellant testified he stabbed Hobbs, and he does not challenge the fact that the shank with which he stabbed Hobbs was a deadly weapon. We conclude, therefore, that a rational juror could have found the essential elements of aggravated assault beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (West 2011) (assault is intentional, knowing, or reckless causing of bodily injury to another; assault is aggravated when accused uses deadly weapon during its commission).

Self-defense requires proof that the actor reasonably believed the force he employed against another person was immediately necessary to protect himself against that person's use, or attempted use, of unlawful force. *Id.* § 9.31(a). Thus, in this case, the issue is whether appellant reasonably believed it was immediately necessary to stab Hobbs in order to protect himself from Hobbs's attempted use of force. *See id.* Appellant depends primarily on his own testimony, in which he stated Hobbs was the aggressor in the fight. According to appellant, he politely told Hobbs to pull

his pants up while the two men were in the tank's day room together. In response, Hobbs struck appellant in the head with a weapon made from a sock that was stuffed with a lotion bottle or soap. Appellant testified he pushed Hobbs away, but Hobbs came running at him with a shank. Appellant pulled his own shank out of his sock and, when Hobbs stumbled momentarily, he stabbed Hobbs in self-defense. Appellant then was able to wrestle Hobbs's shank away from him and to keep Hobbs at bay until the guards arrived.

However, Hobbs testified that appellant was the aggressor in the confrontation, striking Hobbs in the mouth after complaining about Hobbs's standing in front of the television. The two started fighting, and then appellant ran to the other side of the day room. He announced "I've got something for you," then walked toward Hobbs, swung his hand, and stabbed appellant in the neck with a shank. Hobbs saw blood and grabbed appellant's hands to keep appellant from stabbing him again, but appellant continued to hit appellant in the back of the head with his other hand.

Hobbs's version of events was confirmed in significant part by other witnesses. One inmate testified he awoke to see the two men fighting. He saw appellant charge Hobbs and strike him with something plastic that appellant had taken out of his sock. A second inmate testified he heard the fight and came out of his cell. He stated appellant had a weapon in his hand and started "sticking" Hobbs with it. Hobbs grabbed appellant's hands, but appellant kept swinging the weapon and then hit Hobbs in the head with his other hand. He testified Hobbs was just holding on to appellant, and Hobbs had no weapon. Finally, in the State's rebuttal case, a third man testified who had been an inmate at the time and had been present in the day room during the entire altercation. He testified appellant initiated the confrontation verbally and then by "sucker punching" Hobbs. According to this rebuttal witness, the men start "tussling" or "kind of wrestling" and throwing a few punches. Then he saw appellant take off running to the other side of the room and retrieve something from

under one of the toilets. Appellant ran back, tying a shank around his wrist. He chased Hobbs and then stabbed him by the shoulder and chest. Hobbs grabbed appellant's hands trying to keep from being stabbed, but appellant continued trying to stab him until the guards from the Special Response Team entered the room and took appellant to the floor.

Likewise, individuals from the sheriff's department confirmed significant parts of Hobbs's testimony. Two security guards testified at trial. One testified she saw appellant running at Hobbs with something in his hand. Both saw appellant repeatedly attempting to stab Hobbs and, at the same time, hitting Hobbs in the back of the head. And both testified Hobbs was only trying to keep appellant from stabbing him again; Hobbs was trying not to fight. Both saw the plastic shank in appellant's hand. Likewise, a member of the Special Response Team called in to subdue the men testified that when he arrived appellant had a shank, and Hobbs was just trying to stop appellant from sticking him with it.

After the two men were removed, all inmates and cells were searched. Only one shank was found in the day room.

Appellant stresses that there are conflicts in the inmates' and guards' versions of events concerning, for example, how many times his shank made contact with Hobbs's body and whether the shank appellant was holding was dropped to the floor, knocked to the floor, or kicked out of his hand. He points to differing reports of where he obtained the shank, and he stresses testimony that blood was not seen on the one shank that was found. However, ample evidence supports Hobbs's testimony that appellant was the aggressor, only appellant had a weapon, appellant charged Hobbs with the weapon, and appellant continued trying to stab Hobbs until he was subdued by the guards. The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 326. We conclude a rational jury could have found that it was never necessary

-4-

for appellant to stab Hobbs to protect himself.  Thus, jurors could rationally have rejected, beyond a reasonable doubt, his claim to have acted in self-defense. *See Saxton*, 804 S.W.2d at 914.

We overrule appellant's single issue, and we affirm the trial court's judgment.

KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110364F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LESLIE THOMPSON, Appellant

No. 05-11-00364-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District of Dallas County, Texas. (Tr.Ct.No. F11-00114-SW).
Opinion delivered by Justice FitzGerald, Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 14, 2012.

KERRY P. FITZGERALD
JUSTICE